IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| O2 MICRO INTERNATIONAL LTD., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-04-CV-32 (TJW) |
| | § | |
| BEYOND INNOVATION TECHNOLOGY | § | |
| CO., LTD., ET AL., | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

After considering the submissions and arguments of counsel, the Court issues the following order to resolve the inequitable conduct and permanent injunction issues.

**I.      Background**

Plaintiff O2 Micro International Ltd. ("O2 Micro") accused the defendants of infringing U.S. Patent Nos. 6,259,615 ("the '615 patent"); 6,396,722 ("the '722 patent"); and 6,804,129 ("the '129 patent"). A jury found that the defendants willfully induced and/or contributed to the infringement of all three patents. After the jury trial, the Court tried Defendant Beyond Innovation Technology Co., Ltd.'s ("BiTEK") inequitable conduct claim relating only to the '129 patent.

**II.     Inequitable Conduct**

The Court first turns to the question of inequitable conduct. BiTEK claims that during the prosecution of the '129 patent, O2 Micro failed to disclose material information concerning: 1) the existence of the present litigation, 2) any relevant documents from the present litigation, 3) the existence of the *O2 Micro v. Sumida Corporation and Taiwan Sumida Elecontrics Inc.*, U.S. District Court for the Eastern District of Texas, No. 2:03cv007 ("the Sumida Litigation"), 4) any relevant documents from the Sumida Litigation, or 5) relevant documents from *O2 Micro v. Monolithic*

*Power Systems, Inc.*, U.S. District Court for the Northern District of California consolidated Case Nos. c-00-4071CW; c-01-3995CW ("the MPS Litigation")[1].

Inequitable conduct requires a breach of the duty of candor that is both material and committed with an intent to deceive the United States Patent and Trademark Office ("PTO"). *Li Second Family Ltd. P'ship v. Toshiba Corp.*, 231 F.3d 1373, 1378 (Fed. Cir. 2000). Breach of the duty of candor may include submission of false material information or failure to disclose material information. *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1998).

The Court rejects BiTEK's inequitable conduct defense. BiTEK's arguments are essentially that O2 Micro's failure to disclose the related litigation was *per se* material[2] and that Mr. Edmund Pfleger, the prosecuting attorney, and Dr. Yung-Lin Lin, the named inventor, intended to deceive the PTO because they knew or should have known that the information would have been material. BiTEK bases its arguments on the fact that the related litigation involved the parent patents of the '129 patent.

This Court is not persuaded that Mr. Pfleger and Dr. Lin, on behalf of O2 Micro, intended to deceive the PTO. BiTEK contends that there was an intent to deceive because Mr. Pfleger and Dr. Lin should have known to disclose the related litigation. Dr. Lin, however, testified that the references in the related litigations were "cumulative" of the disclosures already made to the PTO (e.g., the Henry patent disclosed in Sumida's preliminary invalidity contentions was already before

---

[1] O2 Micro disclosed the existence of the MPS litigation to the PTO.

[2] Although O2 Micro argues that BiTEK's *per se* materiality argument was not raised until BiTEK filed its supplemental briefing after the hearing, the Court assumes *arguendo* that O2 Micro's failure to disclose was *per se* material.

the examiner and is identified on the face of the '129 patent; the MP1010 was already disclosed to the examiner). Therefore, the evidence does not show that Dr. Lin or Mr. Pfleger intended to deceive the PTO and this Court is unwilling to infer an intent to deceive based on BiTEK's argument that the material was highly relevant. After considering all of the evidence, the Court cannot find, by clear and convincing evidence, that O2 Micro intended to deceive the PTO by failing to disclose the pending litigations or any relevant documents from those litigations. Accordingly, the Court rejects BiTEK's inequitable conduct defense.

### III.  Permanent Injunction

The Court now turns to O2 Micro's motion for permanent injunction. In *eBay v. MercExchange, L.L.C.*, the Supreme Court held that the traditional four-factor test for permanent injunctive relief applies to patent cases. 126 S.Ct. 1837, 1839 (2006). The Court recited the test as follows:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Id*.

Bearing these factors in mind, the Court now turns to the facts of this case to assess the propriety of permanent injunctive relief.

### A.  Irreparable Injury

O2 Micro has demonstrated irreparable injury. O2 Micro competes directly with BiTEK, and this fact weighs heavily in the Court's analysis.[3] This Court has recognized the high value of

---

[3] BiTEK sells its infringing products to its co-defendants resulting in their liability for infringement.

intellectual property when it is asserted against a direct competitor in the plaintiff's market. "The availability of the infringing products leads to loss of market share for Plaintiff's products." *Tivo v. EchoStar Communications Corp.*, 446 F. Supp. 2d 664, 669 (E.D. Tex. 2006). In addition, because BiTEK's co-defendants purchase in the same market, O2 Micro will suffer irreparable harm absent an injunction directed toward SPI Electronic Company Limited and FSP Group, and Lien Chang Electronic Enterprise Company Limited. Accordingly, the Court finds that O2 Micro will suffer irreparable injury absent an injunction.

### B.  Inadequacy of Legal Remedies

O2 Micro has also demonstrated the inadequacy of legal remedies. According to O2 Micro, it has not sought monetary damages for past infringement because monetary damages would not adequately compensate it for the injuries caused by the defendants' infringement. O2 Micro also points out that all three defendants are foreign corporations and that there is little assurance that it could collect monetary damages. The Court agrees with O2 Micro. The jury has found that the defendants have willfully infringed O2 Micro's intellectual property. The threat of continued infringement exists and an injunction is the proper remedy to prevent future infringement.

### C.  Balance of Hardships

The Court agrees with O2 Micro that, absent injunctive relief, O2 Micro will continue to suffer irreparable injury to its business, future opportunities, and general reputation. BiTEK's products have impacted O2 Micro's market share and its ability to sell its chips. Furthermore, BiTEK's president has openly stated that an injunction will have an insignificant impact on BiTEK's entire business. *See* Plaintiff's Motion For Permanent Injunction, Ex. 22. Accordingly, the balance of hardships favors O2 Micro in this case.

### D. Public Interest

The question presented by this factor is whether the public interest would be disserved by an injunction. There has been no persuasive showing that the public interest would be disserved by an injunction. In fact, the public interest would be served by issuing an injunction to protect the patent rights at issue.

After considering the traditional equitable factors, the Court concludes that a permanent injunction is proper in this case. The plaintiff's motion for permanent injunction is GRANTED.

## IV. Conclusion

The Court does not find that O2 Micro acted with the intent to deceive the PTO and, therefore, rejects BiTEK's inequitable conduct defense. The plaintiff's motion to strike BiTEK's supplemental brief (#412) is DENIED. BiTEK's motion to stay (#415) is DENIED. The Court GRANTS the plaintiff's motion for permanent injunction (#377). The Court DENIES as moot the plaintiff's motion for entry of partial judgment (#392). A final judgment and permanent injunction is issued contemporaneously herewith.

SIGNED this 21st day of March, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE