**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| O2 MICRO INTERNATIONAL LTD., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-04-CV-32 (TJW) |
| | § | |
| BEYOND INNOVATION TECHNOLOGY | § | |
| CO., LTD., ET AL., | § | |
|     Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This memorandum opinion and order resolves the various motions remaining in this case.

**1.      Defendant Beyond Innovation Technology co., Ltd.'s Renewed Motion for Judgment as a Matter of Law and Motion for New Trial**

After the jury verdict and entry of Final Judgment, Beyond Innovation Technology Co., Ltd. ("BiTEK") filed a renewed motion for judgment as a matter of law or alternatively for a new trial (#427).  The motion is DENIED.

A motion for judgment as a matter of law should be granted only if, on review the entire record, there is no legally sufficient basis for a reasonable jury to find for the non-moving party on an issue.  Fed. R. Civ. P. 50(a); *Harris Corp. v. Ericsson, Inc.*, 417 F.3d 1241, 1248 (Fed. Cir. 2005); *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003).  The court should allow a verdict to stand unless there is a lack of substantial evidence, viewed in the light most favorable to the successful party, to support the jury's factual findings, or if the legal conclusions implied from the verdict cannot be supported by those findings.  *Am. Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482, 487 (Fed. Cir. 2004).

There was sufficient evidence to support the jury's finding that BiTEK was aware of O2 Micro International Ltd.'s ("O2 Micro") patents and that BiTEK sold its infringing chips with

datasheets for incorporating the chips into products that were imported into the United States.  The jury could have rationally found, given O2 Micro's expert's testimony, that BiTEK's chips met the "only if" limitation, directly or under the doctrine of equivalents, in the asserted claims.  There was also ample evidence for a jury to conclude that BiTEK did not reasonably rely on the opinions of counsel regarding potential infringement of the asserted claims.  The court accordingly rejects the defendants' arguments concerning non-infringement of the asserted claims and willful infringement.  Likewise, the court rejects the defendants' arguments for a new trial.

## 2.      Defendant Beyond Innovation Technology Co., Ltd.'s Motion to Stay Injunction Pending Appeal

BiTEK has filed a motion requesting that the court stay its permanent injunction order pending appeal (#428).  BiTEK requests a stay because the asserted claims have been preliminarily rejected by the United States Patent and Trademark Office as part of a reexamination of the patents-in-suit.  BiTEK's request for a stay of the permanent injunction order has already been denied by the Federal Circuit Court of Appeals on July 5, 2007.  Accordingly, the motion is DENIED.

## 3.      Plaintiff O2 Micro International Limited's Motion for Costs and Attorneys' Fees

O2 Micro has filed a motion for costs and to declare the case exceptional and award attorneys' fees (#437).  The motion is GRANTED in part and DENIED in part.

The jury in this case found the defendants liable on sufficient evidence for willful infringement of the asserted claims.  In general, when a jury finds willful infringement, there is support for a finding of an exceptional case.  *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 184 (Fed. Cir. 1994); *SRI Int'l, Inc. v. Advanced Technology Labs, Inc.*, 127 F.3d 1462, 1468 (Fed. Cir. 1997).  There is no apparent reason for denying a fee award in this case, and the court

therefore declares the case exceptional and awards attorneys' fees and costs.

The law governing attorneys' fees is well established. First, the court determines a lodestar by determining a reasonable number of hours multiplied by a reasonable rate. *Halliburton Energy Services, LLC v. MI, LLC*, 2006 WL 1004929 (E.D. Tex. April 12, 2006). The court may adjust the lodestar upward or downward depending on the particular circumstances of the case, after considering the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The *Johnson* factors are (1) the time and labor required for the litigation; (2) the novelty and complexity of the case; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases. *Id.* at 717-19.

The plaintiff seeks a total attorneys' fee of $3,084,484.65 and expert fees of $94,749.70. BiTEK objects to the amount of attorneys' fees because (1) the time entries in O2 Micro's documentation are vague and insufficiently described, (2) O2 Micro provides no basis to support its decision to reduce entries related to damages by only one-third, (3) Howrey LLP's bills were produced pro forma and do not indicate the amounts O2 Micro actually paid, and (4) portions of the bills were redacted. In reply, O2 Micro states that all entries related to work on damages have been removed and entries which reflected work on damages and other issues were reduced by one-third.

After an independent review of the documentation submitted by O2 Micro, the court concludes that some amounts would have been written off and not billed to the client. The court also

3

concludes that some reduction for partial success is proper because O2 Micro abandoned its claim for damages prior to trial.  Based on these findings, the court reduces the amount of attorneys' fees sought by O2 Micro by 30%.  The court otherwise finds that the number of hours and the rates are reasonable.  Further adjustment to the *Johnson* factors is not appropriate.  As a result, the court awards attorneys' fees in the amount of $2,159,139.26.  The court declines to award expert witness fees as requested by O2 Micro.

O2 Micro has also filed a bill of costs in the amount of $109,263.29.  The defendants do not challenge the bill of costs.  Accordingly, the court taxes costs in the total amount of $109,263.29.  These costs are found to be reasonable and necessary pursuant to 28 U.S.C. § 1920.

Defendants FSP Technology, f/k/a SPI Electronic Co. Ltd., and FSP Group (collectively, "SPI/FSP") requests that the assessment of attorneys' fees and costs be apportioned among the defendants in relation to their respective involvement and/or culpability in the case.  SPI/FSP requests that the apportionment be in proportion to the trial time given the defendants at trial, which would be 11.5% for SPI/FSP.  SPI/FSP, however, relied on portions of BiTEK's defenses because SPI/FSP uses BiTEK's infringing chips in its products.  Apportionment according to trial time, therefore, would be an inaccurate measure of involvement and/or culpability.  Accordingly, SPI/FSP's request to apportion attorneys' fees and costs is denied.

SIGNED this 13th day of August, 2007.

_T. John Ward_

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE