IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| O2 MICRO INTERNATIONAL LIMITED, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-04-CV-32 (TJW) |
| | § | |
| BEYOND INNOVATION TECHNOLOGY | § | |
| CO., LTD., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Beyond Innovation Technology Co., Ltd.'s ("BiTEK"), Motion to Stay Litigation (Docket Entry No. 511) and related briefing. Defendants FSP Technology, Inc. and FSP Group have joined BiTEK's motion (Docket Entry No. 518). Defendants request the Court to stay this litigation pending reexaminations of the U.S. Patent Nos. 6,804,129 ("the '129 patent"), 6,396,722 ("the '722 patent") and 6,259,615 ("the '615 patent") by the USPTO, as well as a pending appeal from related litigation in the Northern District of California. The Court has carefully considered arguments presented by both parties and hereby DENIES BiTEK's motion to stay litigation for the reasons expressed below.

**I.    Background**

On May 15, 2006, a jury in this case found that defendants willfully infringed claims 1, 15, 35, and 39 of the '615 patent, claims 12 and 16 of the '722 patent, and claims 13, 16, and 17 of the '129 patent, all of which are owned by Plaintiff O2 Micro International Ltd. ("O2 Micro"). This Court entered a final judgment and permanent injunction against the defendants on March 21, 2007 (Docket No. 425). On appeal, the Court of Appeals for the Federal Circuit found that

1

this Court had failed to resolve a fundamental dispute regarding the scope of the claim term "only if," and therefore vacated the jury verdict, the final judgment of infringement, and the permanent injunction, remanding the case back to this Court. *O2 Micro Intern. Ltd. v. Beyond Innovation Technology Co., Ltd.*, 521 F.3d 1351 (Fed. Cir. 2008).

## II. Discussion

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F. Supp. 2d at 662. Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors.

Additionally, a stay has been found to benefit the district court proceedings if upon the completion of a reexamination:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise;
2. Many discovery problems relating to prior art can be alleviated by the PTO examination;
3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed;
4. The outcome of the reexamination may encourage a settlement without the further use of the Court;

2

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation;
6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination; and
7. The cost will likely be reduced both for the parties and the Court.

*Constellation IP, LLC v. The Allstate Corp.*, No. 5:07-cv-00132-TJW, 2008 U.S. Dist. LEXIS 46820, at *2-3 (E.D. Tex. May 12, 2008).

The Court will not stay this case. Defendants argue that the plaintiff will suffer no prejudice as a result of a stay because BiTEK did not file the reexamination requests itself and is not engaging in a dilatory tactic aimed at obtaining an unfair advantage. The Court disagrees. Plaintiffs contend that a stay would delay the possibility of them obtaining an injunction to prevent ongoing infringement of their patents by the defendants. Plaintiffs filed their original complaint against BiTEK on January 30, 2004. The parties are direct competitors in the market and a denial of timely enforcement of the plaintiff's patent rights does indeed unduly prejudice the plaintiff.

Secondly, the evidence does not show that a stay would simplify the issues in this case. O2 Micro has represented to this Court that the UPSTO has now upheld the validity of the '615 and '722 patents. *Sur-Reply* at p.3. The only pending reexamination at the USPTO is that involving the '129 patent. It is possible that the PTO will require some claims to be amended, but it is unlikely that this fact will appreciably change the amount of new discovery in, or alter the resolution of, this case. Some of the claims at issue in this litigation may change as a result of the reexamination, but the Court is of the opinion that "the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold." *Soverain Software LLC*, 356 F. Supp. 2d at 663. In case the reexamination

proceedings conclude while this case is pending, the parties should advise the Court of the results of those proceedings and request appropriate relief.

BiTEK further argues that an appeal pending at the Federal Circuit from a Northern District of California case involving one of the patents in this suit will help simplify the issues in this case. *Motion*, at p. 7 (citing *Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd.*, Case No. 4:06-cv-02929-CW (N.D. Cal.), Case Nos. 2008-1128, -1136 (Fed. Cir.)) ("the MPS litigation"). BiTEK notes that the California court has entered final judgment on a jury verdict invalidating, on the basis of the on sale bar and obviousness, claim 12 of the '722 patent, which is one of the asserted claims in this case.[1] BiTEK argues that if the Federal Circuit affirms the judgment in the MPS litigation that invalidated claim would have to be removed from the remanded proceedings pending in this Court. While the Court agrees with BiTEK, it notes that there are other claims asserted by O2 Micro that would not be impacted by the Federal Circuit's decision in the MPS litigation. BiTEK argues that facts that came before the California court to invalidate claims of the '722 patent in the MPS litigation may well be relevant to all three patents in this suit because all three patents at issue are closely related.[2] O2 Micro responds by arguing that BiTEK cannot ask this Court to reconsider the validity of the patents-in-suit because BiTEK has already conceded this issue at trial and failed to raise it on appeal. Therefore, O2 Micro argues, validity has been resolved in this case, absent exceptional circumstances. At this time, the Court expresses no opinion on whether BiTEK knew of any relevant evidence from the MPS litigation and has waived its invalidity defense in this case. However, the Court is not persuaded

---

[1] The California Court upheld and entered final judgment on a jury verdict invalidating claims 1, 2, 9, 12, 14 and 18 of the '722 patent, which was the only patent submitted to the jury in that case. *Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd.*, No. 4:06-cv-02929-CW, 2007 WL 3231709, at *7 (N.D. Cal. Oct. 30, 2007).
[2] BiTEK points out that the '129 patent is a continuation of a continuation of the '722 patent, which is a continuation of the '615 patent. *See Motion*, at p. 12, n. 4.

that the outcome of the MPS appeal would so greatly impact the proceedings before this court as to mandate a stay here.

Finally, the third factor in this case does not favor granting this motion. BiTEK contends that discovery has not been completed at this time and no trial date has been set for the new trial. It argues that the Federal Circuit mandate will require substantial new work in this case by the Court and the parties, as the Court will need to construe a one claim limitation, and the parties will need to deal with the new evidence. As O2 Micro points out, the Court will now be hearing this matter on remand and this case has already been pending for more than four and a half years. The Court believes that most of the discovery relevant to the Federal Circuit's remand has long been completed. The Court expects to set an early trial date to retry this case.

Therefore, the Court finds that the factors that guide the Court's analysis cut against granting a stay of these proceedings. For these reasons, the court DENIES BiTEK's motion.

Its is so ORDERED.

SIGNED this 29th day of October, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE