UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| O2 MICRO INTERNATIONAL LTD | § | |
| | § | |
| vs. | § | CASE NO. 2:04-CV-32-CE |
| | § | |
| BEYOND INNOVATION | § | |
| TECHNOLOGY ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

O2 Micro International Ltd., ("O2 Micro") filed its original complaint on January 20, 2004, accusing the defendants, Beyond Innovation Technology Co. Ltd. ("BiTEK"), FSP Technology Inc., FSP Group (collectively, "FSP"), and Lien Chang Electronic Enterprise Co. Ltd. ("Lien Chang"), of infringing various claims of U.S. Patent Nos. 6,259,615 ("the '615 patent"), 6,396,722 ("the '722 patent"), and 6,804,129 ("the '129 patent").[1] Originally, the Honorable T. John Ward presided over the case. The court held its initial claim construction hearing on August 23, 2005, issued its order construing the disputed terms on August 26, 2005, and conducted a jury trial May 8-15, 2006. The jury returned a verdict, finding inducement and contributory infringement and further finding such conduct was willful. On March 21, 2007, the court issued a permanent injunction against the defendants.

The defendants appealed a number of issues from the first trial, including the court's claim construction ruling. The Court of Appeals for the Federal Circuit held that the district court erred by not construing the "only if" limitation in the claims. The Court of Appeals vacated the jury verdict, the final judgment of infringement, and the permanent injunction, and it remanded the case to the district court. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351 (Fed. Cir. 2008).

---

[1] O2 Micro added the '129 patent in its amended complaint on November 17, 2004.

On remand from the Court of Appeals, the parties consented to have the undersigned preside over this case. Pursuant to the mandate from the Federal Circuit, this court construed the term "only if" and issued an opinion on April 22, 2009. The court issued a docket control order, setting a pretrial conference for July 2, 2009, and jury selection for July 6, 2009. At the pretrial conference, the court scheduled the trial to begin on July 27, 2009.

During the pretrial conference in advance of the second trial, this court heard argument concerning the parties' disputed motions *in limine*. In particular, O2 Micro's motion *in limine* No. 5 requested that the court preclude the defendants from presenting any evidence regarding O2 Micro's motivation for incorporating in the Cayman Islands. This motion *in limine* was similar to a motion *in limine* requested before the first trial. Before the first trial, Judge Ward ordered as follows:

> 4. Preclude evidence relating to O2's selection of Cayman Islands for its headquarters: Granted in part and denied in part. *Defendants may refer to the fact that O2 is a Cayman Islands corporation. The motion is granted to the extent defendants seek to offer evidence relating to taxation.*

Dkt. No. 322 (emphasis added). As indicated in its motion *in limine* No. 5 before the second trial, O2 Micro requested that this court adopt Judge Ward's ruling from the first trial regarding the similar motion *in limine*. During the July 2, 2009, pretrial conference, this court granted in part and denied in part motion *in limine* No. 5 to the same extent announced by Judge Ward before the first trial.

During *voir dire*, and consistent with the order *in limine*, O2 Micro's counsel indicated that O2 Micro was headquartered in the Cayman Islands. Later in *voir dire*, however, counsel for BiTEK, John David van Loben Sels, asked the following question of the jury panel, "now, are there any of you who have a problem with a company that puts its headquarters offshore on a Caribbean island in order to avoid paying U.S. taxes?" Counsel for O2 Micro immediately

objected, and this court held a conference at the bench. The court indicated that the question violated the order in limine and inquired as to counsel's purpose in asking the question. Counsel responded that he had phrased the question in the "hypothetical." The court instructed the jury panel to disregard Mr. van Loben Sels' question because O2 Micro's motives for selecting its place of incorporation are irrelevant to the questions any jury would answer at trial. Thereafter, the court ordered a hearing to immediately follow jury selection.

After jury selection, this court gave Mr. van Loben Sels an opportunity to provide an explanation as to why he violated the motion *in limine*. Mr. van Loben Sels indicated that he did not intend to violate the order on the motion *in limine* and that he believed, by asking the question in a hypothetical manner, without mentioning O2 Micro, he would avoid violating the order. This court rejected Mr. van Loben Sels' argument and found that he intentionally violated the pretrial order *in limine*. This court further held Mr. van Loben Sels in contempt of court and sentenced him to 48 hours in jail. The sentence was suspended, pending completion of the trial. The court indicated that if Mr. van Loben Sels did not violate any further orders of the court, then his sentence would be considered discharged.

At the conclusion of this court's discussions with Mr. van Loben Sels, counsel for O2 Micro asked to be heard on sanctions against BiTEK. O2 Micro's counsel suggested that sanctions in the form of striking BiTEK's answer or entering judgment against BiTEK were warranted. The court declined to impose any further sanctions at that time, but indicated it would consider additional sanctions.

The court has considered the issues and concludes that sanctions are warranted. BiTEK, through its counsel, has undermined the parties' expectations to a trial by a jury selected from the panel summoned according to the regular process of the court. In light of the court's ruling on

the motion *in limine*, it is no answer that the question was phrased in the hypothetical. By design, the question was intended to prejudice the jury against the plaintiff, which had been introduced as having its headquarters in the Cayman Islands. Moreover, the question directly related to tax motives, clearly within the scope of subject matter the court had excluded by the order *in limine*.

The court finds that any sanction should serve the twin aims of curing the prejudice caused by the violation and deterring future litigants from violating the court's orders *in limine*. Although the court finds that the conduct was flagrant and intentional, the Federal Circuit has made clear that "death penalty" sanctions, such as those requested by O2 Micro, may be imposed in only the most limited circumstances. *See ClearValue v. Pearl River Polymers, Inc.*, 242 F.R.D. 362 (E.D. Tex. 2007), *rev'd in part*, 560 F.3d 1291 (Fed. Cir. 2009) (addressing sanctions for discovery violations). The court has therefore considered lesser sanctions.

The court's task is complicated by the fact that there are multiple defendants in this case and only BiTEK is culpable. A sanction in the form of curative and/or punitive jury instructions against BiTEK runs the risk that the adverse effects will "spill over" onto the other defendants. *See, e.g.*, FSP's motion, Dkt. No. 607. In any event, such instructions would only highlight the overly prejudicial question to the panel. In the current posture of the case, a sanction in the form of the preclusion of BiTEK's evidence runs the risk of being ineffectual as to BiTEK. The only issues in the case are infringement and willfulness, and the other defendants would be able to introduce non-infringement evidence favorable to BiTEK because they purchase the accused products from BiTEK. Furthermore, the court finds that monetary sanctions are inappropriate in this case. An order simply requiring BiTEK to pay all costs associated with the jury selection would be insufficient in this case. To hold otherwise would effectively allow a litigant to buy a

new jury panel by intentionally violating the court's orders *in limine*. Even if the court were to impose a substantial fine, in cases of this magnitude, parties might well have the incentive and the financial resources to engage in this type of conduct.

Accordingly, this court finds the following sanctions to be warranted: At the plaintiff's election, the court will grant O2 Micro's motion for a mistrial. Furthermore, the court will sever the case against BiTEK from the case against the remaining defendants. The court will summon a new jury panel for July 27, 2009, and will proceed to trial in the case involving BiTEK. The court will limit BiTEK's *voir dire* time to 15 minutes; O2 Micro will receive 30 minutes. The court will also limit BiTEK to two peremptory challenges. O2 Micro will receive four peremptory challenges. The court will instruct the jury panel that BiTEK has received less time in *voir dire* because its counsel intentionally violated a court order in the first jury selection, and the violation required the court to dismiss the jury that was originally selected and summon the new jury panel. In addition, BiTEK will not be entitled to call an expert witness on the issue of infringement. *See, e.g., Livingston v. Isuzu Motors, Ltd.*, 910 F. Supp. 1473 (D. Mont. 1995) (precluding, in a product liability case, the defendant from offering additional evidence after the defendant violated a pretrial ruling prohibiting introduction of evidence that the plaintiff was not wearing a seat belt). Finally, BiTEK will pay all of the parties' costs and attorneys' fees involved in the first jury selection and will pay the plaintiff's costs and attorneys' fees in having to try the severed case against the remaining defendants. Any judgment rendered in the case against BiTEK shall not have preclusive effect against the remaining defendants. The court shall try the case pending between O2 Micro and Lien Chang and FSP in a separate action after the BiTEK trial has been completed. The court will enter a separate order addressing the scheduling

of the FSP/Lien Chang trial.  The court has considered lesser sanctions and finds that they are insufficient under the circumstances of this case.

Alternatively, should O2 Micro not elect a mistrial under these conditions, the court will proceed to trial with the case in its present posture with the present jury.  The court will consider additional instructions to the jury but is doubtful that these instructions would cure any prejudice resulting from the violation of the order.  The plaintiff shall notify the court of its election by close of business on Monday, July 13, 2009.  BiTEK and any other party may file by close of business on Monday, July 13, 2009, any briefs to show cause why the court should not impose these sanctions.

SIGNED this 10th day of July, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE