UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| (1) O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation, | ) ) ) | |
| | ) | Case No. 2:04-cv-00032-CE |
| Plaintiff, | ) | |
| v. | ) ) | |
| (1) BEYOND INNOVATION TECHNOLOGY CO., LTD., a Taiwanese corporation; (2) SPI ELECTRONIC CO., LTD., a Taiwanese company; (3) FSP GROUP, a Taiwanese company; and (4) LIEN CHANG ELECTRONIC ENTERPRISE CO., LTD., a Taiwanese corporation, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants/Counterclaimants. | ) | |

## BiTEK'S SUPPLEMENTAL MEMORANDUM RE SANCTIONS

Defendant Beyond Innovation Technology Ltd. ("BiTEK") hereby submits its supplemental briefing requested by the Court with regard to the proposed imposition of sanctions by this Court.

BiTEK and its counsel first wish to apologize sincerely to the Court, to O2 Micro and to our co-defendants for the disruption this matter has caused. We hope that this disruption, which is no one's doing but our own, can be kept to a minimum.

BiTEK and its counsel also want to emphasize to the Court that the conduct of BiTek's counsel was not an intentional violation of the Court's order in any way and was not intended as any kind of challenge to the Court or any kind of tactic to somehow evade this Court's order.

1

BiTEK is mindful of the issues raised in the Court's order and appreciates the Court's grappling with an appropriate remedy to this situation. Given the circumstances of this case, such a decision is not easy.

To that end, BiTEK respectfully petitions the Court to consider the following as an option so that BiTEK would not be severed from the other defendants nor be denied the assistance of its expert.

As the Court is concerned about the general issue of parties disqualifying a jury to gain an advantage, BiTEK would agree to having no challenges (except for cause) or *voir dire* questioning (except to establish cause) with regard to impaneling a new jury. Neither BiTEK nor its counsel acted with any intent to disqualify this jury. So, if a new jury is to be chosen, BiTEK would make these concessions to demonstrate it did not want to seek an advantage as to the constitution of the jury.

Additionally Mr. Van Loben Sels has been removed from the BiTEK trial team and will not be appearing further in this matter on any issue. Mr. van Loben Sels wants the Court to know that he had no intention of acting to disqualify this jury and would remove himself from this case rather than have the Court believe that either he or BiTEK would deliberately do so. *See* Declaration of John D. van Loben Sels.

BiTEK is also willing to pay the attorney fees and costs for opposing counsel to return to Marshall and participate in the second jury selection.

Further, BiTEK would willingly work with the Court as to other measures that can quell the Court's concerns and remedy this matter.

Although he clearly should have erred on the side of caution and dispensed with any discussion of the Cayman Islands issue, BiTEK's counsel was acting on what he

sincerely believed to be the scope of the Court's in limine order and BiTEK and Mr. van Loben Sels wants to assure the Court that any lapse was not intentional.

To that end, Mr. van Loben Sels would like to explain to the Court his reasoning with regard to the question he asked during *voir dire*, to let the Court know Mr. van Loben Sels' side of the story in detail.

As background, the pertinent limine order followed plaintiff O2 Micro's Motion in Limine No. 5 – To Preclude Defendants from Presenting Evidence Regarding O2 Micro's Selection of the Cayman Islands for Its Headquarters.  During the July 2, 2009 pre-trial conference, the Court granted-in-part and denied-in-part O2 Micro's motion. The Court expressly stated that its ruling would follow Judge Ward's order regarding a substantively identical motion from the first trial.  *See* July 10, 2009 Memorandum Opinion and Order at 2.  Thus, Judge Ward's order regarding O2 Micro's Motion in Limine No.4 prior to the first trial ("Judge Ward's Order on MIL #4") is the applicable limine ruling.  Judge Ward's order is attached hereto as Exhibit 1, and provides as follows:

> 4. Preclude evidence relating to O2's selection of Cayman Islands
>
> for its headquarters: Granted in part and denied in part. Defendants
>
> may refer to the fact that O2 is a Cayman Islands corporation. The
>
> motion is granted to the extent defendants seek to <u>offer evidence</u>
>
> relating to taxation.

*See* Judge Ward's May 2, 2006 Order on Motions in Limine at 2 (emphasis added).  By its terms, the order specifically precludes defendants from offering or seeking to offer <u>evidence</u> regarding taxation motives for the location of O2 Micro's headquarters.

The specific language used in Judge Ward's limine order was significant in terms of the Court's finding that the conduct of BiTEK's counsel was an intentional violation of the order – particularly in light of Judge Ward's other limine orders issued at the same time.  By its terms, Judge Ward's Order on MIL #4 did not prohibit <u>all</u> <u>references</u> to the O2 Micro taxation issue.   In contradistinction, in the same order from Judge Ward concerning a different O2 Micro motion in limine, Judge Ward <u>did</u> prohibit <u>all</u> <u>references</u> to "Communist China".  *See* Judge Ward's Order, Ex. 1 at 2 (order regarding Plaintiff's Motion in Limine #5).  Indeed, in the same prior order concerning a different O2 Micro motion in limine, Judge Ward expressly indicated that his limine ruling did extend to the jury selection process.  *See* Judge Ward's Order, Ex. 1 at 1 (expressly granting O2 Micro's MIL #3 for purposes of jury selection).

As a result, BiTEK's counsel sincerely believed that Judge Ward's Order on MIL #4 did not operate to prohibit <u>all</u> references to the taxation issue and he was permitted raise the issue hypothetically on voir dire.   Whether or not this Court finds the conduct to be a violation, BiTEK's counsel had a true and good faith belief that it was not.

Accordingly, although BiTEK does not oppose the imposition of some sanctions, it believes that the sanctions proposed to be imposed by the court are too harsh given the unintentional nature of the offense.

This is put in context by this Court's decision in <u>Juniper Networks, Inc. v. Toshiba America, Inc.</u>, 2007 WL 2021776  at *3 (E.D.Tex. July 11, 2007), in which

4

Judge Ward, on this Court's recommendation, imposed sanctions virtually identical to those proposed to be imposed by this Court here. However, the conduct in the two cases is very different and demonstrates that the severe sanctions proposed here are far harsher than warranted.

First, in the Juniper Networks case, not only was it obvious that Toshiba had violated the order intentionally, Toshiba's counsel admitted that the violation of this Court's discovery order was intentional – "Mr. Canuso's representation was contradicted by his own partner, Mr. Muehlhauser, who on June 7, 2007, represented to Judge Everingham that Toshiba made the conscious decision to withhold its BIOS code from production notwithstanding the court's protective order." Id. at 4. As set forth above, it is BiTEK's position that any violation of the Court's order was unintentional and was based on a sincere misunderstanding of the scope of that order.

Second, in Juniper Networks, the violation -- deliberate withholding of important evidence -- demonstrably prejudiced Juniper's preparation of its case on the merits. O2 Micro has not suffered prejudice of that kind or scope.

Third, in Juniper Networks, the sanction of precluding Toshiba from presenting expert testimony on non-infringement had a substantial relationship to the violation – the failure to produce the BIOS code which was apparently accused of infringement. Here, the violation – referring to the reasons a company may have incorporated in the Cayman Islands – does not relate to the merits of this action, whether BiTEK infringed O2 Micro's patents, and any prejudice to O2 Micro is not related in any way to the merits of this action. Such sanctions are unconnected to – as well as disproportionate to – any harm which may have been caused to O2 Micro and will obviously unduly hamper

BiTEK in presenting its position that O2 Micro did not meet its burden in showing infringement.  BiTEK urges that this harsh sanction not be imposed.

As this Court noted in the Juniper Networks case, citing Fifth Circuit law on the issue, "When inherent powers are invoked, however, they must be exercised with 'restraint and discretion.' Gonzalez v. Trinity Marine Group, Inc., 117 F.3d 894, 898 (5th Cir. 1997.)  Thus, severe sanctions should be confined to instances of "bad faith or willful abuse of the judicial process." Id. "  Juniper Networks, at *3.

In this case, there was no bad faith or willful abuse.  Rather there was a sincere misunderstanding by BiTEK's counsel of the scope of the motion in limine and ill-advised conduct on his part in failing to carefully avoid any discussion of the issue before the jury without first conferring with the court.  Since BiTEK's counsel's conduct was not in bad faith and was not a willful abuse of the process, the harsh sanctions proposed to be imposed by this Court, especially striking BiTEK's expert, are much more severe than are warranted by BiTEK's counsel's conduct or the prejudice

This view is underscored by the fact that prior to the July 10, 2009 hearing to decide pending evidentiary disputes, O2 Micro – the aggrieved party – indicated that it had no plans to seek such dramatic, case-dispositive sanctions.  Instead, O2 Micro indicated that it planned only to seek an order prohibiting BiTEK from referencing the fact that O2 Micro is incorporated in the Cayman Islands and from inquiring into the number of employees O2 Micro employed overseas.  O2 Micro also indicated that it would seek an instruction to the jury that O2 Micro pays its taxes.  BiTEK stated on the record that it agreed to all these sanctions.  This request by O2 Micro shows that that

party believes that the prejudice to the company was limited and can be remedied in front of the jury.

Indeed, as noted above since this conduct was jury-selection related, if this Court decides to empanel another jury, BiTEK proposes that the Court order BiTEK to give up all of its voir dire time (other than to introduce the counsel and parties and determine, if necessary if any jurors should be excluded for cause) and all of its challenges (other than for cause) rather than the harsher merits-based sanction proposed by the Court.

With regard to the merits of the proposed sanction, BiTEK believes that BiTEK's counsel was at worst the product of his honest misunderstanding of the scope of that order. As a result, BiTEK believes that the dramatic sanctions the Court contemplates are disproportionate to any prejudice to O2 Micro and should be limited to those which will relieve any prejudice which may have been caused to O2 Micro.

BiTEK hopes that the Court will recognize that the dramatic sanctions the Court contemplates are disproportionate to any prejudice to O2 Micro and should be limited to those which will relieve any prejudice which may have been caused to O2 Micro.

In sum, BiTEK urges the Court not to impose the proposed harsh sanctions for three equally important reasons: 1) BiTEK's counsel believed that he was not in violation of that order; 2) the sanctions outweigh any prejudice suffered by O2 Micro by BiTEK's counsel's conduct – as shown by the compromise proposed by O2 Micro itself; and 3) the impact of these sanctions (striking the expert, especially) will fall on BiTEK, who is, as the Court can note, innocent of any wrongdoing.

DATED: July 13, 2009                        Respectfully submitted,

                                            By: /s/ Richard F. Cauley_____
J. Thad Heartfield                             *Pro Hac Vice*
TX Bar No. 09346800                            Richard F. Cauley
thad@jth-law.com                               CA Bar No. 109194
The Heartfield Law Firm                        RichrdCauley@whgclaw.com
2195 Dowlen Road                               Wang, Hartmann, Gibbs & Cauley, P.C.
Beaumont, TX 77706                             2570 W. El Camino Real, Suite #440
Tel: (409) 866-3318                            Mountain View, CA 94040
Fax: (650) 866-5789                            Tel: 650-209-1230
                                               Fax: 650-209-1231


Attorneys for Defendant/Counterclaimant     Attorneys for Defendant/Counterclaimant
BEYOND INNOVATION                           BEYOND INNOVATION
TECHNOLOGY CO., LTD.                        TECHNOLOGY CO., LTD.

8

# EXHIBIT 1

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

O2 MICRO INTERNATIONAL LTD.          §

Vs.                                  §            CIVIL ACTION NO. 2:04-CV-32

BEYOND INNOVATION TECHNOLOGY     §
ET AL.

## ORDER

The court issues the following order to memorialize the rulings made at the pre-trial conference on the parties' motions in limine. The court has taken into account the various developments in the case since the pre-trial conference and has also considered the parties' supplemental filings requested at the pre-trial conference.

1.    **Plaintiff's Motions in Limine.**

    A.    **Volume I.**

        1.    Preclude evidence regarding stock holdings and personal financial condition of O2 officers and board members: Denied.

        2.    Preclude evidence relating to the expert report of Paul Meyer in MPS litigation: Granted.

        3.    Preclude evidence relating to the friendship between the court and James T. Davis: The court granted this motion in part for jury selection and carried this motion in part with the case. In view of the fact that plaintiff has dropped its damages claim, the motion in limine is granted.

4.   Preclude evidence relating to O2's selection of Cayman Islands for its headquarters: Granted in part and denied in part. Defendants may refer to the fact that O2 is a Cayman Islands corporation. The motion is granted to the extent defendants seek to offer evidence relating to taxation.

5.   Preclude reference to O2's Chinese facilities as being located in Communist China. Granted in part and denied in part pursuant to the parties' agreement. Defendants may not use term "Communist China." Defendants may refer to "People's Republic of China."

6.   Preclude the calling of O2's trial counsel as witnesses: Granted.

7.   Preclude the calling of witnesses not disclosed in defendants' initial disclosures: Granted in part and denied in part. The motion is granted with respect to witnesses defendants have agreed not to call. The motion is denied with respect to Mr. Masters. The motion is granted with respect to other witnesses not timely disclosed. Counsel shall approach the bench prior to calling any such witness.

8.   Settlement offers: The motion was withdrawn as to license/settlement agreement with MPS. The motion is denied as moot as to the email that stated it was an offer of settlement, given the withdrawal of the exhibit during the pre-trial conference. The motion is denied as to license agreements that do not reflect they were entered in settlement of litigation.

**B.    Volume II.**

This group of motions relates to the antitrust counterclaims and inequitable conduct issues.

2

The antitrust counterclaims were withdrawn after the March 28, 2006, pre-trial conference. Given the withdrawal of those claims, the motions relating to them are all granted. The motion in limine relating to the introduction of evidence of inequitable conduct is granted.

### C.    Volume III.

1.    Preclude Dr. Jain from presenting testimony on the ML4878 data sheet, the Fairchild ML 4877 and United States Patent No. 5,923,129 (Henry): The motion is granted insofar as it relates to Henry, given the defendants' withdrawal of the Henry reference. The motion is denied as to the other references.

2.    Preclude Dr. Jain from testifying as to obviousness: Granted to the extent that Dr. Jain is limited to the opinions stated in his report. Otherwise, denied.

3.    Preclude Dr. Jain from testifying that the '814 patent invalidates the asserted claims of the '722 patent: Granted to the extent that Dr. Jain is limited to the opinions stated in his report. Otherwise, denied.

4.    Preclude defendants SPI, FSP, and Lien Chang from offering expert testimony: Denied.

## II.    Defendants' Motions in Limine.

A.    Exclude evidence of trade secret misappropriation: Granted.

B.    Exclude evidence of injunction issued by Taiwanese court: Granted.

C.    Prevent an ExFab employee from sitting in the well of the court: Granted.

D.    Preclude plaintiff from proffering arguments and testimony pertaining to the doctrine of equivalents: Granted. Plaintiff shall approach the bench prior to offering any

3

evidence relating to infringement of the "only if" limitation under the doctrine of equivalents. The court will consider the admissibility of Dr. Rhyne's testimony on this point outside the presence of the jury.

E.    Preclude plaintiff from offering plaintiff's exhibit 152: At the pre-trial conference, the court granted this motion, absent the plaintiff laying a proper foundation. The plaintiff made a supplemental filing related to this exhibit. Leave is granted to designate the pertinent portions of the deposition testimony. The issue of admissibility, in light of that testimony, is referred to Judge Craven for decision.

SIGNED this 2nd day of May, 2006.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE