IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| (1) O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>Plaintiff,<br><br>v.<br><br>(1) BEYOND INNOVATION TECHNOLOGY CO., LTD. a Taiwanese corporation; (2) SPI ELECTRONIC CO., LTD., a Taiwanese company; (3) FSP GROUP, a Taiwanese company; and (4) LIEN CHANG ELECTRONIC ENTERPRISE CO., LTD., a Taiwanese corporation,<br><br>Defendants.<br><br>And Related Counterclaims. | Case No. 2:04-CV-00032-CE |

**PLAINTIFF O2 MICRO INTERNATIONAL LIMITED'S RESPONSE TO BITEK'S
SUPPLEMENTAL MEMORANDUM RE SANCTIONS**

DM_US:22269981_1

Plaintiff O2 Micro International Limited ("O2 Micro") submits this response to Defendant Beyond Innovation Technology Co., Ltd.'s ("BiTEK") July 13, 2009 Supplemental Memorandum Re Sanctions (Doc. No. 614) to address certain mischaracterizations in that brief regarding O2 Micro's position on the proper scope of sanctions against BiTEK, as well as new arguments raised by BiTEK regarding the scope of the Court's *in limine* rulings.

In BiTEK's Supplemental Memorandum, BiTEK incorrectly states that the only sanctions that O2 Micro had sought for Mr. van Loben Sels' misconduct were certain evidentiary limitations regarding the Grand Cayman Islands issue and an instruction to the jury.  (*See* Doc. No. 614 at 6-7).  This assertion is simply false.  O2 Micro had initially moved for a mistrial at the jury selection based on Mr. van Loben Sels' misconduct, as well as other "death penalty sanctions."  (*See* Exhibit A [7/10/09 Hearing Tr.] at 14:2-9; *see also id.* at 4:21-5:1).  As O2 Micro's counsel explained to the Court at the July 10, 2009 evidentiary hearing, since O2 Micro understood the Court to have carried that motion, the purpose of the parties' subsequent meet and confer discussions was to discuss the possibility of other evidentiary sanctions against BiTEK. (*See id.* at 14:2-9).  Thus, at no point in time did O2 Micro ever suggest that the scope of sanctions against BiTEK should be limited to the lesser evidentiary restrictions and jury instructions that BiTEK claims.

In addition, BiTEK's attempt to argue that it believed the Court's *in limine* ruling on the Grand Cayman Islands issue did not apply to jury selection is meritless.  O2 Micro clearly explained in its motion in limine papers that Motion in Limine No. 5 was intended to prevent Defendants from prejudicing the jury "by portraying [O2 Micro] as a foreign corporation that evades its duty to pay taxes by maintaining an offshore headquarters."  (Doc. No. 579, at 12). BiTEK's counsel therefore cannot credibly contend that they believed a question posed during

1

jury selection suggesting that O2 Micro placed its headquarters in the Caribbean Islands to avoid paying U.S. taxes would be permissible under the Court's *in limine* ruling.

Tellingly, even BiTEK now concedes that O2 Micro's reason for incorporating in the Grand Cayman Islands is completely irrelevant to any issue in this case, arguing that "the violation – referring to the reasons a company may have incorporated in the Cayman Islands – does not relate to the merits of this action." (Doc. No. 614, at 5).  BiTEK therefore admits that its counsel had no legitimate reason for asking jurors how they would feel about a company that had incorporated in the Caribbean Islands to avoid paying taxes.  Given the complete irrelevance of this question, the only conceivable purpose for asking it would have been to create the exact type of prejudice that O2 Micro had sought to prevent through its motion in limine.

Thus, BiTEK's attempt to justify the actions of its counsel as being made in "good faith" simply underscores the fact that BiTEK is unrepentant in its behavior, and that it still refuses to recognize the seriousness of its counsel's misconduct and the harm that it has inflicted on O2 Micro's right to a fair trial.  The sanctions proposed by the Court are therefore entirely necessary and appropriate to ensure that BiTEK learns its lesson from this experience and complies with the Court's orders going forward.

DATED:  July 14, 2009            Respectfully submitted,

By: /s/ Otis W. Carroll by permission Richard C. Lin
          Otis W. Carroll — **Lead Attorney**
          State Bar No. 03895700
          IRELAND CARROLL AND KELLEY, P.C.
          6101 South Broadway, Suite 500
          P.O. Box 7879
          Tyler, TX 75711
          Telephone:  (903) 561-1600
          Facsimile:  (903) 561-1071
          E-Mail:  fedserv@icklaw.com

DM_US:22269981_1

**Of Counsel:**

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
N. Claire Abernathy
State Bar No. 24053063
D. Jeffrey Rambin
State Bar No. 00791478
CAPSHAW DERIEUX  LLP
1127 Judson Road, Suite 220,
P.O. Box 3999
Longview, Texas 75601-5157
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787
E-Mail:  ccapshaw@capshawlaw.com
E-Mail:  ederieux@capshawlaw.com
E-Mail:  chenry@capshawlaw.com
E-Mail:  jrambin@capshawlaw.com

Henry C. Bunsow
California State Bar No. 60707
K. T. Cherian
California State Bar No. 133967
Duane H. Mathiowetz
California State Bar No. 111831
Robert M. Harkins, Jr.
California State Bar No. 179525
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone:  (415) 848-4900
Facsimile:  (415) 848-4999
E-Mail:  bunsowh@howrey.com
E-Mail:  cheriank@howrey.com
E-Mail:  mathiowetzd@howrey.com
E-Mail:   harkinsr@howrey.com

Henry C. Su
California State Bar No. 211202
Richard C. Lin
California State Bar No. 209233
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
Telephone:  (650) 798-3500

3

DM_US:22269981_1

Facsimile:  (650) 798-3600
E-Mail:  suh@howrey.com
E-Mail:  linrichard@howrey.com

Attorneys for Plaintiff
O2 MICRO INTERNATIONAL LIMITED

4

DM_US:22269981_1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on July 14, 2009.

/s/ Richard C. Lin

Richard C. Lin