# EXHIBIT A

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

02 MICRO INTERNATIONAL    )(
                          )(    CIVIL DOCKET NO.
                          )(    2:04-CV-32-CE
VS.                       )(    MARSHALL, TEXAS
                          )(
BEYOND INNOVATION,        )(    JULY 10, 2009
ET AL.                    )(    10:00 A.M.

PRETRIAL HEARING

BEFORE THE HONORABLE JUDGE CHAD EVERINGHAM

UNITED STATES MAGISTRATE JUDGE


APPEARANCES:


FOR THE PLAINTIFF:   (See Attorney Sign-In Sheet)


FOR THE DEFENDANTS:  (See Attorney Sign-In Sheet)


COURT REPORTER:      MS. SHELLY HOLMES, CSR
                     Deputy Official Court Reporter
                     2593 Myrtle Road
                     Diana, Texas   75640
                     (903) 663-5082


(Proceedings recorded by mechanical stenography,
transcript produced on a CAT system.)

prejudiced and that the other side, particularly BiTEK, had had nothing -- no sanction imposed against it for the conduct of its counsel in voir dire.

I indicated to Mr. Bunsow that I was willing to entertain additional relief. And to say that I have thought about this issue a lot this week would be an understatement. And I have struggled with this issue this week of what to do in a case like this, a case in this posture, particularly where I have multiple parties, multiple defendants, and some of those defendants have absolutely no culpability in my view, as manifested by the motion to reconsider one of my limine rulings that was filed earlier this week relating to the scope of the cross examination of Dr. Rhyne on the issue of his fees and bias and that sort of issue.

So I have thought about it, and I have concluded that additional relief is warranted, and it is substantial relief in the Court's view, but I want to know from the Plaintiff's standpoint what its views are on this issue before I go any further in this case.

As the Court recalls, the sanctions that were requested at the time of jury selection included death penalty sanctions, judgment on liability, as I recall. And before I indicate what I am considering, I wanted to get the plaintiff's views as to what it

order.

The alternative of that plan is that I'll proceed to trial with the case in its current posture, and I'll consider curative and punitive instructions that are sufficient or -- well, that I find to the extent practicable might cure the prejudice and ensure that this conduct never happens again.  It's my -- it's my belief and I doubt that those instructions could cure the prejudice, but I'll try.

What those instructions look like -- would look like, I -- I don't know at this point, but I'll tell you, I mean, I reiterate what I said the day of jury selection, I have not ever had a lawyer so egregiously violate an order of the Court.  And it has been a true struggle for me to find a way to balance all of the parties' interests in this case as a result of -- of that lawyer's conduct.

And we are on a short time frame, Mr. Su.  I need to know by Monday whether you're going to accept that, whether you want me to impose that sanction or not because it will take a couple of weeks for us to get another jury panel summoned and in here.  I mean, we can do it, but that's -- that's where I am.

MR. SU:  Your Honor, if I may address the Court.

Page 14

THE COURT: Yes.

MR. SU: I would definitely -- we will definitely let the Court know by Monday. I would like to clarify what I told the Court earlier. We had understood that the Court had carried a motion for mistrial Monday, and so what we were trying to do was to come up with sanctions that assume we were going to trial and that the Court had carried the mistrial motion, so that -- that was the posture of 02 Micro.

THE COURT: Well, that's -- you know, 02 Micro has an interest in seeing its case tried under the orders of the Court, all of the parties do, the defendants do, as well. And the Court has an overriding interest in ensuring not only this case but other cases are also tried pursuant to the orders of the Court.

And, you know, I have considered lesser sanctions in this case, and I've considered trying to fashion some relief that would allow the case to continue as currently joined, but -- but I haven't been able to do that, haven't been able to figure that question out, so that's the Court's posture.

MR. SU: Understood, Your Honor.

THE COURT: And with that, I will -- what I'm going to do at this time is I'm going to pre-try the evidentiary hearings in this -- the issues in the case,